UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ANGELA DAWN LOCKE },<br><br>Plaintiff, },<br><br>v. },<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security, },<br><br>Defendant. } | Case No.: 4:17-CV-01314-RDP |

**MEMORANDUM OF DECISION**

Plaintiff Angela Dawn Locke ("Plaintiff") brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") to deny his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). *See* 42 U.S.C. §§405(g) and 1383(c). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.      Proceedings Below**

Plaintiff filed her application for DIB on January 18, 2015 and SSI on March 31, 2015, alleging that her disability began on May 16, 2014. (Tr. 46, 101). The claim was initially denied on March 25, 2015. (Tr. 46, 111). Plaintiff filed a written request for a hearing on April 7, 2015. (Tr. 46, 121). On April 7, 2016, Administrative Law Judge ("ALJ") Amy H. Naylor held a video hearing. (Tr. 46, 145-49). On May 23, 2016, the ALJ determined that Plaintiff was not disabled under Sections 216(i), 223(d), and 1614(a)(3)(A). (Tr. 46, 58).

On June 5, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ decision. (Tr. 23-27). Following that denial, the final decision of the Commissioner became a proper subject of this court's appellate review. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (finding the ALJ decision final for purposes of judicial review when the Appeals Council denied review).

Plaintiff Angela Locke was 39 years old at the time of her hearing and also when the ALJ's decision was rendered. (Tr. 46, 202). Plaintiff alleges her work-related medical conditions began with pain in her right wrist diagnosed as carpal tunnel syndrome in 2009. (Tr. 53, 274). She continued to work despite her wrist pain, completed her GED in 2011, and held several sales associate and cashier positions from May 2011 to May 2014. (Tr. 206). During that time period, Plaintiff was examined at Northeast Alabama Regional Medical Center on two occasions. (Tr. 406-25). She first visited in January 2012 for back pain after she fell up the stairs at her house. (Tr. 406-08). Her second visit was in September 2012 for chest pain resulting from dehydration and low potassium levels. (Tr. 414, 421). She was treated, given a prescription, and released on the same day. (Tr. 422-25).

In May 2014, Plaintiff stopped working. (Tr. 69, 467). She alleges that she left her job because of her back pain and anxiety, yet she reported to at least one doctor that she was "let go." (*Id.*). She asserts that the onset of her disabilities began on May 16, 2014. (Tr. 46, 101). On May 28, 2014, almost two weeks after the alleged onset, Plaintiff was examined at St. Vincent's Family Care in Pell City. (Tr. 431). She reported feeling well with only minor complaints but was prescribed medication for her chronic back pain, anxiety, and depression. (Tr. 431, 433).

In March 2015, Plaintiff was seen by two consulting examiners. On March 9, 2015, Dr. Morton Rickless examined her and noted her complaints of back pain, depression and anxiety, and

headaches with some question of hypoglycemia. (Tr. 470). However, Dr. Rickless determined that she was in no acute distress, had no significant physical limitations, and scheduled her for a psychological examination. (Tr. 467, 471). On March 25, 2015, Dr. Robert Summerlin performed a psychological exam and noted that Plaintiff performed some activities such as light housework, simple cooking, talking on the phone, watching television, and interacting on Facebook. (Tr. 55-56, 479-82). Dr. Summerlin diagnosed Plaintiff with adjustment disorder with mixed anxiety and depressed mood, chronic. (Tr. 482). During the evaluation, Plaintiff stated that she could not go back to work because of her panic issues. (Tr. 479). However, Dr. Summerlin opined that Plaintiff "does not have a psychological disorder which would cause her to be unemployable; nonetheless, I do believe that she has anger issues…." (Tr. 482).

Plaintiff was examined at Talladega Primary & Urgent Care Center on six occasions throughout 2015 and into 2016. (Tr. 483-504). During those visits, the examining physicians noted her anxiety and back pain. (Tr. 483-504). Concurrently, Plaintiff was being seen by Dr. Jorge Castro for psychiatric examinations at Highland Health Systems. (Tr. 505-28). During those visits, Plaintiff reported that having to care for her boyfriend's children was a stressor. (Tr. 510, 516). The reports from those visits indicate that the medications were sometimes effective but at other times required adjustment. (Tr. 505-528). Finally, on March 30, 2016, Plaintiff was evaluated by D'Angelo Smith, a therapist working under Dr. Castro. (Tr. 529-31). Smith concluded that Plaintiff had moderate to severe impairments and was unable to return to work. (Tr. 529-31).

## II.     The ALJ's Decision

The Act uses a five-step sequential evaluation process to determine a claimant's disability. 20 C.F.R. §404.1520(a) and 416.920(a). First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. §404.1520(b) and 416.920(b). Substantial

3

gainful activity is work done for pay or profit that requires significant physical or mental activities. 20 C.F.R. §404.1572(a-b) and 416.972(a-b). If the claimant has employment earnings above a certain threshold, the ability to engage in substantial gainful activity is generally presumed. 20 C.F.R. §404.1574, 404.1575, 416.974, and 416.975. If the ALJ finds that the claimant engages in substantial gainful activity, then the claimant cannot claim disability, regardless of a medical condition or age, education, and work experience. 20 C.F.R. §414.1520(b) and 416.920(b).

Second the ALJ must determine whether the claimant has a medically-determinable impairment that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §404.1420(c) and 416.920(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or functionally equals an impairment listed in 20 C.F.R. §404, Subpart P, Appendix 1. If the criteria for impairment is met or functionally equal, the claimant is disabled. 20 C.F.R. §404.1520(a)(4)(iii) and 416.920(a)(4)(iii).

If the impairment does not meet the criteria or is not functionally equivalent, the ALJ will assess the claimant's residual functional capacity ("RFC") to perform, given their impairment, in a work setting. 20 C.F.R. §§404.15245(a)(1) and 416.920(a)(1). The RFC is based on medical and other evidence in the record. 20 C.F.R. §§404.1520(a)(4)(iv) and 416.920(a)(4)(iv). The ALJ makes an assessment about a claimant's RFC using a two-step process that determines: (1) whether there is an underlying medically-determinable impairment that could reasonably be expected to produce the claimant's pain; and (2) the extent to which the claimant's symptoms would limit claimant's functioning. 20 C.F.R. §§404.1545(e) and 416.920(e). To determine the limiting effect of the claimant's impairment, the ALJ must consider the credibility of the claimant's statements about their pain in the context of the record. 20 C.F.R. §§404.1529(c)(3) and 416.920(c)(3).

Once the ALJ has determined Plaintiff's RFC, the ALJ will consider in step four whether the claimant has the RFC to perform the requirements of his past relevant work. 20 C.F.R. §§414.1520(f) and 416.920(f). If the claimant is found capable of performing past relevant work, then the claimant is not disabled. *Id*. If the claimant is unable to perform past relevant work or has no past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. §§404.1520(a)(4)(v) and 416.920(a)(4)(v). In the fifth step, the ALJ will determine whether the claimant is able to perform any other work in the national economy that is commensurate with their RFC, age, education, and work experience. 20 C.F.R. §404.1520(g). Although the claimant must still prove disability, at this point the burden of production shifts from the claimant to the ALJ. The ALJ must provide evidence of jobs in significant numbers in the national economy that claimant can do, given their RFC, age, education, and work experience. 20 C.F.R. §§404.1520(g), 404.1560(c), 416.912(g), and 416.960(c).

Here, the ALJ determined that the claimant met the insured status requirements of 20 C.F.R. §§216(i) and 223 of the Act through December 31, 2015. (Tr. 12, 48). The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 16, 2014, the alleged onset date. (Tr. 48). The ALJ found that Plaintiff has severe impairments consisting of anxiety disorder, borderline personality disorder, depression, carpal tunnel syndrome, degenerative disc disease, and spine disorder mild disc extrusion. (Tr. 48). However, the ALJ determined that Plaintiff's impairments do not meet the requirements for impairments listed in 20 C.F.R. §404, Subpart P, Appendix 1 and found that Plaintiff has the RFC to perform light work. (Tr. 50). Finally, the ALJ found that Plaintiff is capable of performing past relevant work as a convenience store and grocery store cashier and therefore is not entitled to disability benefits. (Tr. 56).

### III. Plaintiff's Arguments for Remand or Reversal

Plaintiff presents four arguments in favor of reversing the ALJ's decision. First, Plaintiff argues substantial evidence does not support the ALJ's finding that she could perform past work. (Pl. Br., Doc. #9 at 18-20). Second, Plaintiff argues that the ALJ failed to assess her symptoms according to Social Security Ruling ("SSR") 16-3p. (*Id.* at 22-32). Third, Plaintiff argues that the ALJ failed to adequately develop the record regarding the side effects of her medication. (Doc. #9 at 32-34). Finally, Plaintiff argues that the ALJ provided an inaccurate hypothetical to the Vocational Expert ("VE"). (Doc. #9 at 34-43). The court addresses each argument in turn.

### IV. Standard of Review

Judicial review of disability claims under the Act is limited to two questions: (1) whether the record reveals substantial evidence to sustain the ALJ's decision; and (2) whether the correct legal standards were applied. 42 U.S.C. §405(g); *see Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). If the Commissioner's findings are supported by "substantial evidence," they are conclusive. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). If supported by substantial evidence, the Commissioner's factual findings must be affirmed, even if the record suggests otherwise. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (emphasis added). Nevertheless, while the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield

automatic affirmance." *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). Legal standards are reviewed de novo. *Moore*, 405 F.3d at 1211.

V.  **Analysis**

For the reasons explained below, the court finds that the decision of the Commissioner is due to be affirmed.

A.  **The ALJ Adequately Developed the Details of Plaintiff's Past Work**

The ALJ found that Plaintiff is capable of performing her past relevant work as a convenience store cashier and cashier checker grocery store. (Tr. 56). Plaintiff argues that because she submitted evidence that she performed this work at a medium exertional level, and the RFC only supports an ability to perform light work, the decision of the ALJ is flawed. (Pl. Br., Doc. #9 at 18-20; Tr. 55-56).

A claimant bears the burden of proving she cannot perform her past relevant work either as she performed it *or* as it is generally performed in the national economy. *See* 20 CFR §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv)(f). To determine the physical and mental demands of a claimant's past work, an ALJ may rely on the testimony of a VE and the job descriptions set forth in the DOT. *See Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 884 (11th Cir. 2011); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 952-53 (11th Cir. 2010).

Here, the ALJ relied on the VE's testimony regarding Plaintiff's past relevant work. (Tr. 93-99). The VE testified that Plaintiff's previous work positions as a cashier at convenience and grocery stores would be classified as light, unskilled or semiskilled work. (Tr. 93-94). Although Plaintiff indicated she performed the work at a medium level, the VE testified that a hypothetical individual matching Plaintiff's vocational profile and limitation to light work would be able to perform Plaintiff's past relevant work as generally performed in the national economy and as

7

described in the DOT but not as Plaintiff claimed to have performed it. (Tr. 94, 95). The VE also provided additional examples of other work that such a hypothetical person could perform. (Tr. 95).

Because the ALJ properly considered the VE's testimony, the ALJ did not need to do more to develop the record regarding the demands of Plaintiff's past relevant work. *See Waldrop*, 379 F. App'x at 953 (finding that "even if the ALJ erred by failing to ask additional questions about the physical demands posed by [claimant's] past work as a human resources clerk, this error did not prejudice [claimant], as [the VE's] testimony demonstrated that [claimant] could perform this job as it is performed in the general economy); s*ee also Brady v. Berryhill*, 2018 WL 2266913, at *4-5 (N.D. Ala. May 17, 2018) (quoting the same excerpt from *Holder* to respond to the same claim made by the same attorney).

Substantial evidence supports the VE's answer that a hypothetical individual matching Plaintiff's profile could perform Plaintiff's past relevant work. (Tr. 95). Further, there is substantial evidence in the record indicating that Plaintiff can perform her past relevant work as it is generally performed in the national economy. Thus, the court finds that the determination of the ALJ is supported by substantial evidence and that Plaintiff is not entitled to relief on this ground.

### B. The ALJ Properly Assessed Plaintiff's Subjective Complaints of Pain

Plaintiff's second argument is that the ALJ failed to properly assess Plaintiff's subjective complaints of pain. (Doc. #9 at 22). To evaluate a claimant's subjective testimony regarding pain, the ALJ must consider:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991).

The ALJ must find a disability unless the claimant's testimony is properly discredited. *Crow v. Colvin*, 36 F.Supp.3d 1255, 1259 (N.D. Ala. July 28, 2014). But, to be clear, "after considering a claimant's complaints of pain, the ALJ may reject them as not creditable." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). During the assessment, the ALJ is to consider plaintiff's testimony and any inconsistency between the testimony of symptoms and any other evidence. 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4). If the ALJ rejects a claimant's testimony regarding pain, the ALJ must articulate specific reasons for doing so. *Wilson v. Barnhart*, 284 F.3d at 1225. The ALJ's decision must provide a reviewing court a basis to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Plaintiff argues that the ALJ failed to appropriately consider SSR 16-3p. (Pl. Br., Doc. #9 at 22-32). Effective March 28, 2016, the Social Security Administration issued SSR 16-3p which rescinded the former SSR 96-7p. 2016 SSR LEXIS 4 at *1 (March 16, 2016). The Ruling eliminated the term "credibility" from the SSA's sub-regulatory policy to "clarify that subjective symptom evaluation is not an examination of an individual's character." *Id.* However, SSR 16-3p does not alter the methodology for evaluating a claimant's symptoms. *See Deloney v. Berryhill*, 2018 WL 3425611, at *3-7 (N.D. Ala. July 16, 2018).

The ALJ thoroughly examined and considered Plaintiff's entire medical record and considered all of Plaintiff's alleged symptoms and their consistency with the record evidence. (Tr. 50). Specifically, the ALJ noted that although Plaintiff alleges that her disability began on May 16, 2014, she did not see a doctor until May 28, 2014. (Tr. 52, 431). When she did visit the doctor, she represented that she (1) was there for a medication refill, (2) felt well with only minor complaints, (3) had a good energy level, and (4) was sleeping well. (Tr. 52, 431). Further, Plaintiff

9

informed at least one doctor that she stopped working in May 2014 because she was "let go," not because she was disabled. (Tr. 52, 467).

The ALJ assessed Plaintiff's medical records and concluded that they showed a consistent level of health since the year prior to the alleged disability onset date. (Tr. 52-56). Specifically, the ALJ noted that Plaintiff's treatment had been conservative and until September 2015 was mostly rendered by primary care physicians. (Tr. 52-53). Plaintiff had no surgery or physical therapy. (Tr. 53). Her treatment for back pain and anxiety consisted only of receiving medication. (Tr. 53). Although Plaintiff has been diagnosed with generalized anxiety disorder and depression, she only began seeing a psychiatrist in September 2015. (Tr. 53). In February 2016, Plaintiff was diagnosed with unspecified anxiety disorder and borderline personality disorder, but there is no indication that she has functional limitations or side effects from the prescribed medication. (Tr. 54).

The ALJ further relied on the medical opinions of two consulting examiners - Dr. Rickless and Dr. Summerlin. Dr. Rickless noted that Plaintiff was in no acute distress. (Tr. 54). Plaintiff told Dr. Rickless that she experienced pain after standing up, yet Dr. Rickless found no physical reason that Plaintiff should have significant limitations standing, walking, or sitting. (Tr. 54). Dr. Summerlin noted that Plaintiff carried on many normal daily activities and light housework. (Tr. 54). As the ALJ pointed out, Dr. Summerlin's evaluation noted that Plaintiff had relationship issues with her boyfriend's children, which was confirmed by Plaintiff's report to her mental health counselor. (Tr. 54-55, 510).

The determination of credibility is left to the ALJ, and the ALJ is entitled to discredit Plaintiff's subjective complaints of pain so long as she articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d at 1225. Here, the ALJ has done so and those findings are supported by substantial evidence.

10

## C. The ALJ Sufficiently Developed the Record Regarding Plaintiff's Side Effects from Medication

Plaintiff argues that the ALJ failed to adequately develop the record regarding Plaintiff's side effects from medication - namely, that her medication makes her drowsy. (Pl. Br., Doc. #9 at 32-34). An ALJ has a duty to fully and fairly develop the record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). However, the case may only be remanded for further development of the record if there is a showing of prejudice or unfairness resulting from gaps in the evidence. *Id.* at 1423.

Plaintiff has failed to show that the ALJ developed the record insufficiently. Nor has she established prejudice. The ALJ noted that "[a]lthough [Plaintiff] has alleged various side effects from the use of medications, the medical records, such as office treatment notes, do not corroborate those allegations." (Tr. 56). Plaintiff points to her testimony in which she said that her medication causes drowsiness. (Doc. #9 at 32; Tr. 78). However, she cites no medical evidence to support that assertion. (Tr. 56). Plaintiff did not complain of side effects from her medication at any medical visits. (Tr. 52, 508, 514; Ex. 4F, 10F, 11F). Further, while being questioned by her own attorney, Plaintiff testified to side effects. (Tr. 73). The ALJ has no special duty to inquire further into side effects when Plaintiff is represented by counsel. *Vesy v. Astrue*, 353 F. App'x 219, 225 (11th Cir. 2009).

Here, the ALJ considered all the evidence and found that Plaintiff's claims regarding her side effects were inadequate. (Tr. 52). *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938 (11th Cir. 2011) (finding that an ALJ may appropriately consider plaintiff's failure to report side effects to physician when evaluating if claimant's alleged symptoms are consistent with the record). Substantial evidence supports this conclusion.

## D. The ALJ Did Not Err in Posing a Hypothetical Question to the VE

Plaintiff's final argument is that the ALJ's decision is based on an inaccurate hypothetical posed to the VE. (Pl. Br., Doc. #9 at 34-43). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d at 1227. However, the ALJ need not include impairments in the hypothetical if the ALJ has found the impairments to lack support in the evidence. *Crawford v. Commissioner*, 363 F.3d 1155, 1161 (11th Cir. 2004).

In her first hypothetical question to the VE, the ALJ assumed an individual capable of performing a full range of light work. (Tr. 94). The VE replied that such an individual could perform Plaintiff's past relevant work as generally performed and described in the DOT. (Tr. 95). The ALJ's second hypothetical added a provision concerning an individual who also needed to alternate from standing to sitting for five minutes after every hour of standing. (Tr. 96-97). The VE responded that such an individual could not perform Plaintiff's past relevant work but could perform other jobs. (Tr. 97).

Plaintiff argues that the ALJ inappropriately excluded evidence regarding her side effects from medication and her therapist's findings when presenting the hypothetical to the VE. (Doc. #9 at 34, 36-39). Plaintiff emphasizes that the ALJ must include all of the claimant's impairments in her hypothetical question to the VE. (Doc. #9 at 35). However, here, the ALJ only omitted evidence of impairments which had been found unsubstantiated. (Tr. 55, 56). Thus, the case relied upon by Plaintiff -- *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985), in which the ALJ improperly omitted testimony of a psychological problem from the hypothetical when the ALJ had found the problem to be severe, and *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011)

(in which the ALJ had improperly omitted testimony from the hypothetical because he did not account for the omission based on the evidence -- are both distinguishable.

Because there is substantial evidence that the ALJ posed a valid and complete hypothetical question to the VE, the decision of the ALJ is due to be affirmed.

## VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's decision is therefore due to be affirmed, and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this July 24, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE